UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WS SSIR OWNER, LLC,

    Plaintiff,

v.                                                     Case No.:  2:24-cv-316-JLB-KCD

SOUTH SEAS VILLAS
CONDOMINIUM ASSOCIATION,
INC. AND KEN SUAREZ,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 20). Plaintiff timely filed a response. (Doc. 22). As set forth herein, the Court finds that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 20) is **GRANTED**. Plaintiff is afforded the opportunity to file an amended complaint consistent with this Order.

## BACKGROUND[1]

This is a trademark dispute. WS SSIR Owner, LLC ("WSO") is the owner of South Seas Resort (the "Resort"). (Doc. 1 at ¶ 14). Although not a registered

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Complaint (Doc. 1).

1

trademark, the Resort is known colloquially as "SOUTH SEAS" and has used that trademark since its inception. (*Id.* at ¶¶ 9, 17, 20). When WSO purchased the Resort, they purchased all associated trademarks, including the unregistered SOUTH SEAS mark and a separate registered trademark. (*Id.* at ¶ 15). Prior owners of the Resort allowed homeowners' associations within the vicinity of the Resort to use the SOUTH SEAS mark in their names. (*Id.* at ¶ 13). WSO has never allowed unapproved third-party use of the SOUTH SEAS mark. (*Id.* at ¶ 21).

Defendant South Seas Villas Condominium Association, Inc. ("SSVCA"), formerly known as Tennis Villas Condominium Association, Inc, is a homeowners' association located within the vicinity of the Resort. (*Id.* at ¶ 29). Defendant Ken Suarez owns a property within SSVCA and is a licensed real estate agent and property manager who represents homeowners and buyers concerning their properties located within the vicinity of the Resort. (*Id.* at ¶¶ 30, 32). After SSVCA's name change, the Resort and Defendants exchanged communications regarding SSVCA's unauthorized use of the SOUTH SEAS mark in its name. (*Id.* at ¶¶ 37–39).

Plaintiff pleads unfair competition and false designation of origin under 15 U.S.C. § 1125(a) (Counts 1 and 2), a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 3), and trademark infringement and unfair competition under Florida common law (Counts 4 and 5). (*Id.* at ¶¶ 9–21). Plaintiff

2

generally alleges that because of SSVCA's unpermitted use of the SOUTH SEAS mark, WSO has suffered damages. (*Id.* at ¶ 48).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendants argue (i) Plaintiff failed to show they hold a protectable trademark right in the SOUTH SEAS mark (doc. 20 at 5–11); (ii) Plaintiff's claims are duplicative (*id.* at 12–13); (iii) Plaintiff failed to specify its theory of liability for its federal unfair competition claim (Count 1) (*id.* at 13); and (iv) subject matter jurisdiction does not exist over the state law claims (Counts 3–5) because the federal claims should be dismissed (*id.* at 14).

Plaintiff's response contends that they have alleged a protectable trademark right in the SOUTH SEAS mark (Doc. 22 at 5–14), trademark infringement is their theory of liability for the unfair competition claim (Count 1) (*id.* at 16–17); and supplemental jurisdiction exists over the state law claims (Counts 3–5) (*id.* at 18).

3

The Court dismisses the federal unfair competition claim (Count 1) because it is a non-existent cause of action and dismisses the remaining claims for their failure to allege a protectable trademark right.

## I. Plaintiff Failed to Plead It Holds a Protectable Trademark Right.

To establish a prima facie claim for trademark infringement under Section 43(a) of the Lanham Act, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two."[2] *Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010). The first element—proof of a valid trademark—can be satisfied without having a registered trademark if the trademark is sufficiently "distinctive." *Id.* at 773. The Eleventh Circuit categorizes marks by strength of distinctiveness (listed in ascending order):

> (1) generic—marks that suggest the basic nature of the product or service; (2) descriptive—marks that identify the characteristic or quality of a product or service; (3) suggestive—marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) arbitrary or fanciful—marks that bear no relationship to the product or service, and the strongest category of trademarks.

*Id.* at 774 (internal citations omitted).

---

[2] The legal analysis for violations of the Lanham Act, FDUTPA, and common law trademark infringement and unfair competition claims are all the same. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012).

4

Defendants argue that the SOUTH SEAS mark is descriptive, meaning it "is not inherently distinctive, and receives protection only if it acquires secondary meaning." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 654 F.3d 1179, 1188 (11th Cir. 2011). A secondary meaning is acquired "when the primary significance of the term in the minds of the [consuming] public is not the product but the producer." *Id.* Whether a mark has acquired a secondary meaning is dependent on "the length and nature of the name's use, the nature and extent of advertising and promotion of the name, the efforts of the proprietor to promote a conscious connection between the name and the business, and the degree of actual recognition by the public that the name designates the proprietor's product or service." *Id.*

Plaintiff disagrees and contends that the SOUTH SEAS mark does not require a secondary meaning because it is not descriptive but rather either arbitrary or suggestive (inherently distinctive), and that even if a secondary meaning is required, one has been alleged. (Doc. 22 at 8, 12–14). Plaintiff also argues that the motion should be denied because distinctiveness is a question of fact, and Plaintiff has met the "minimal burden of demonstrating a plausible cause of action[.]" (*Id.* at 8).

"Although distinctiveness is a question of fact . . . a court ruling on a motion to dismiss must determine whether the plaintiff has adequately alleged facts upon which to conclude the mark is distinctive." *Uniters N. Am., LLC v. ServeCo Int'l, Inc.*, No. 8:21-CV-2381-CEH-AAS, 2022 WL 4464846, at *11 (M.D. Fla. Sept. 26,

2022); *Tropic Ocean Airways, Inc. v. Floyd*, 598 F. App'x 608, 611 (11th Cir. 2014) (finding minimum pleading standards not met when complaint was devoid of facts showing that the mark was suggestive). To survive a motion to dismiss, Plaintiff must sufficiently allege that their mark is either inherently distinctive or is descriptive with a secondary meaning. *Casey Key Resort, LLC v. CK Resorts JV, LLC*, No. 8:21-CV-1446-JLB-JSS, 2021 WL 4893682, at *4 (M.D. Fla. Oct. 20, 2021) (dismissing claims for trademark infringement and unfair competition when Plaintiff failed to allege facts to establish the mark's distinctiveness).

The Complaint alleges that the SOUTH SEAS mark "is not descriptive of the goods or services offered or sold by WSO." (Doc. 1 at ¶¶ 27). Plaintiff cites generally to over forty paragraphs of the complaint saying they have "included a plethora of allegations in its Complaint that the Mark is valid[,]" yet they do not provide any specific allegations to support their contention that the SOUTH SEAS mark is sufficiently distinctive. (Doc. 22 at 8). Similar to *Casey*, the Complaint fails to allege Plaintiff's rights in the trademark because it does not allege that the SOUTH SEAS mark is sufficiently distinctive. In short, Plaintiff's claims are due to be dismissed without prejudice, and Plaintiff may replead in an amended complaint.

## II. The Lanham Act Claims are Duplicative, and the Federal Unfair Competition Claim is Not a Valid Cause of Action.

In the interest of judicial economy, duplicative claims should be dismissed. *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010). "Duplicative

claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Id.*

Defendants argue that the Lanham Act claims, unfair competition and false designation of origin (Counts 1 and 2), are duplicative of each other. (Doc. 20 at 12). Courts have dismissed claims for false designation of origin or unfair competition under the Lanham Act when the claims were brought together and are identical. *FCC Hotel Tower, LLC v. Drummond*, No. 2:23-CV-702-SPC-KCD, 2024 WL 1239262, at *1–2 (M.D. Fla. Mar. 22, 2024) (dismissing a claim for false designation of origin when it was almost identical to the claim for unfair competition); *Inskeep v. Baccus Glob., LLC*, No. 20-CV-82127, 2024 WL 416357, at *16 (S.D. Fla. Feb. 5, 2024) (notifying Plaintiffs of the Court's intention to *sua sponte* dismiss the federal unfair competition claims when they were duplicative of the federal false designation of origin claims). Notwithstanding, unfair competition under the Lanham Act is a "nonexistent federal cause of action[.]" *Id.* (internal quotation marks omitted).

Here, Plaintiff brings a claim for unfair competition under 15 U.S.C. § 1125(a), yet no cause of action for this exists. "Instead, a plaintiff 'is entitled to assert a cause of action under the Lanham Act for trademark infringement, 15 U.S.C. § 1114, or for false designation of origin, 15 U.S.C. § 1125, or it may assert state law claims for unfair competition.'" *Id.* (quoting *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 908 (9th Cir. 2002). Thus, because the federal unfair

7

competition claim (Count 1) and false designation of origin claims (Count 2) are identical, varying only in their titles, and because unfair competition under the Lanham Act is not a valid cause of action, the federal unfair competition claim (Count 1) is dismissed with prejudice.

Similarly, Defendants argue that the state law claims, the FDUTPA violation, common law trademark infringement, and common law unfair competition (Counts 3, 4, and 5), "copy and recycle identical allegations." (Doc. 20 at 13). However, the claims are distinct and brought under different theories of recovery. The common law unfair competition claim alleges that Defendants "palmed off their services as WSO[,]" and the common law trademark infringement claim alleges that Defendants "infringed" upon the SOUTH SEAS mark. (Doc. 1 at ¶¶ 82, 89). The FDUTPA violation provides statutory remedies to "anyone aggrieved" by "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" Fla. Stat. §§ 501.204(1), 501.211(1). Thus, the Court declines to dismiss the state law claims for this reason.

### III.  Subject-Matter Jurisdiction is Not at Issue.

Defendants argue that because the federal claims should be dismissed, the state law claims should be dismissed for lack of subject matter jurisdiction. (Doc. 20 at 14). The Court dismisses only the federal unfair competition claim (Count 1) with prejudice, and the remaining claims are dismissed without prejudice with

leave to amend. Thus, a federal claim (Count 2) would still remain if Plaintiff chooses to replead.

Accordingly, the Court dismisses the federal unfair competition claim (Count 1) with prejudice. The remaining claims are dismissed without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**.

2. Count 1 is **DISMISSED with prejudice**.

3. Counts 2–5 are **DISMISSED without prejudice**, and Plaintiff shall have leave to file an amended complaint for these claims. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on December 13, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

9